IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. HUGHES, JR.,

    Plaintiff,

vs.                                                      Civ. No. 08-663 RHS/CG

STATE OF NEW MEXICO,
BILL RICHARDSON, GOVERNOR, and
GARY KING, ATTORNEY GENERAL,

    Defendants.

**ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS NO. II:
DISMISSAL OF PLAINTIFFS' INJUNCTIVE RELIEF CLAIM AGAINST
STATE DEFENDANTS BASED ON THE APPLICATION OF
<u>FEDERALISM PRINCIPALS</u>**

**THIS MATTER** comes before the Court on State Defendants' Motion to Dismiss No. II:

Dismissal of Plaintiffs' Injunctive Relief Claim Against State Defendants Based on the

Application of Federalism Principals [docket no. 61].

*Standard*

Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if:

> viewing the well-pleaded factual allegations in the complaint as true and in the
> light most favorable to the non-moving party, the complaint does not contain
> 'enough facts to state a claim to relief that is plausible on its face.' *Macarthur v.
> San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App.
> LEXIS17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, ---
> U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).  As we have
> explained this new standard for reviewing a motion to dismiss, 'the mere
> metaphysical possibility that *some* plaintiff could prove *some* set of facts in
> support of the pleaded claims is insufficient; the complaint must give the court
> reason to believe that *this* plaintiff has a reasonable likelihood of mustering

factual support for *these* claims.'  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

## *Discussion*

In his Complaint, Plaintiff asks this Court to enjoin the Defendants "to develop rules, and regulations that give propane customer rights" and further enjoin the Defendant State of New Mexico and State of New Mexico propane dealers from cutting off or refusing to sell propane services without a "just cause." (Complaint at 11). Plaintiff further asks that this Court enjoin the Defendants from "abuses that impact disabled, low income customers." (Complaint at 11). In summary, Plaintiff asks the Court to enter an order requiring the State of New Mexico to enact laws which address his concerns. Plaintiff contends that the Federal Housing Act compels the State of New Mexico to regulate propane dealers. Plaintiff offers no legal authority which would support his request for injunctive relief. The purpose of the Fair Housing Act, 42 U.S.C. §3601, is to provide fair housing throughout the United States. Those persons who believe they are aggrieved under the Fair Housing Act may file a civil action to obtain relief. See 42 U.S.C. §3613(a). In the instant case, there is no authority for the proposition that the Fair Housing Act imposes an obligation on the states to regulate the sale of propane to homeowners nor do the federal courts have authority to compel the State of New Mexico to enact regulations relative to the sale of propane to homeowners. This is in the province of the State of New Mexico to police and regulate. Therefore, for reasons stated, the Court concludes that Defendants' Motion to Dismiss No. II (docket no. 61) is well-taken and should be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss No. II: Dismissal of Plaintiffs' Injunctive Relief Claim Against State Defendants Based on the Application of

Federalism Principals [docket no. 61] is hereby granted and that each party shall pay their respective attorneys fees and costs relative to this motion.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE